UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT GRAHAM (#99451)**                                       **CIVIL ACTION**

**VERSUS**

**MARCUS CALLAHAN**                                                **NO. 13-0767-BAJ-RLB**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 30, 2014.

                                                             **RICHARD L. BOURGEOIS, JR.**
                                                             **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ROBERT GRAHAM (#99451)   CIVIL ACTION

VERSUS

MARCUS CALLAHAN   NO. 13-0767-BAJ-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the plaintiff's Motion for Summary Judgment (Rec. Doc. 6).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Marcus Calahan, complaining that the defendant violated the plaintiff's constitutional rights by subjecting the plaintiff to excessive force on November 27, 2012, through the application of a chemical irritant spray without adequate justification.

The plaintiff moves for summary judgment relying upon the pleadings, the allegations of his Complaint, and excerpts from his medical records and administrative remedy proceedings.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Rule 56, Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). The moving party, however, always bears the initial burden of showing the absence of a genuine issue of material fact, by informing the Court of the basis for the motion and identifying those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with

affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323. The nonmoving party is not required to respond to the motion, however, until the movant has made the required showing in support of the motion. *Id.* It is only after the movant has carried his burden of proof that the burden shifts to the non-movant to show that the entry of summary judgment is not appropriate. *See Allen v. Rapides Parish School Bd.,* 204 F.3d 619, 621 (5th Cir. 2000). In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes. *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his Complaint, the plaintiff alleges that on November 27, 2012, he was "sprayed down with chemical agent, mace," by the defendant without sufficient justification. The plaintiff acknowledges that he was "hollering" in his cell, but he asserts that the defendant should have simply closed the cell door instead of using unnecessary and excessive force against the plaintiff.

The Court concludes, on the record before it, that the plaintiff's motion should be denied at the present time. The documentation attached to the plaintiff's motion is not certified and so is not properly before the Court for consideration. In addition, the attached excerpt from the plaintiff's administrative remedy proceedings reflects that the defendant will contend that the use of force on the referenced date was reasonable and was justified by the plaintiff's repeated refusal to obey orders to cease causing a disturbance on the cell tier. *See* Rec. Doc. 6-1 at p. 3. Finally, the plaintiff has acknowledged in his Complaint that he was in fact "hollering" and causing a disturbance on the tier, and this admission justifies a conclusion that there may be a disputed question of fact, at least at this juncture, regarding the reasonableness of the defendant's conduct and the justification therefor. Accordingly, the plaintiff has not made a sufficient showing of

entitlement to relief or of the absence of any genuine issues of disputed material fact.  Moreover, the record reflects that the defendant has only recently been served with process in this case and has not yet appeared in this proceeding through the filing of an Answer or other responsive pleading.  As a result, the defendant has not been served with the instant motion and has not had either notice or an opportunity to respond thereto.  Accordingly, the Court concludes that a grant of summary judgment would be inappropriate at this time.  *See, e.g., Ed & F Man Biofuels Ltd v. MV FASE*, 728 F.Supp.2d 862, 874 (S.D. Tex., 2010) (concluding that summary judgment would be premature where the defendant had not filed an answer and where discovery had not commenced).

## RECOMMENDATION

It is recommended that the plaintiff's Motion for Summary Judgment (Rec. Doc. 6) be denied, without prejudice to re-filing at a later time, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on June 30, 2014.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE**