UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT GRAHAM     CIVIL ACTION

VERSUS

MARCUS CALLAHAN     NO.:13-00767-BAJ-RLB

## RULING AND ORDER

On January 15, 2015, the United States Magistrate Judge issued a Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), recommending that Defendant's Motion for Partial Summary Judgment (Doc. 17), filed by Marcus Callahan, be granted, dismissing Plaintiff Robert Graham's ("Plaintiff") claims with prejudice. (Doc. 34).

The Magistrate Judge's Report and Recommendation specifically notified Plaintiff that, pursuant to 28 U.S.C. § 636(b)(1), he had fourteen (14) days from the date he received the Report and Recommendation to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. (Doc. 34 at p. 1). A review of the record indicates that Plaintiff timely filed objections on January 20, 2015. (Doc. 36).

In his objections, Plaintiff focuses on prison policies and procedures, and notes that the "Camp J Management Program Rulebook" does not explicitly authorize the use of chemical agents in situations where an inmate is "hollering." (Doc. 36 at p. 1). Plaintiff then reiterates his contention that prison officials should

have closed the door, rather than administer a chemical irritant. (*Id.*). Plaintiff then asserts that Defendant's failure to use the "reasonable measure," evidenced specific "intent to inflict great bodily harm to the plaintiff's persona, evil intent, and bad faith." (*Id.*). However, Plaintiff's objections miss the mark.

Highlighting the absence of prison policy authorizing use of a specific type of force under the circumstances or pointing out an alternative means for handling a situation is insufficient to survive summary judgment as it does not support a finding that Defendant's purpose in utilizing irritant spray was to cause Plaintiff harm or pain, which an essential element of an excessive force claim. *See Hudson v. McMillian*, 503 U.S. 1, 7 (1992) ("A good-faith effort to maintain or restore discipline," does not give rise to an Eighth Amendment violation.). Moreover, prison officials "are entitled to wide-ranging deference" in handling disturbances and inmates who refuse to obey orders. *Baldwin v. Stalder*, 137 F.3d 836, 840 (5th Cir. 1998). *See also Thomas v. Comstock*, 222 F. App'x 439, 442 (5th Cir. 2007) (per curiam) (finding prison officials' administration of irritant spray against inmates refusing to comply with orders was not objectively unreasonable in light of clearly-established law). Accordingly, Plaintiff's objections are without merit.

Having carefully considered Defendant's motion, Plaintiff's complaint and related filings, the Court approves the Magistrate Judge's Report and Recommendation, and hereby adopts its findings of fact, conclusions of law, and recommendation.

Accordingly,

**IT IS ORDERED** that the **Magistrate Judge's Report (Doc. 34)** is **ADOPTED** as the Court's opinion herein. As recommended, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS FURTHER ORDERED** that Defendant's **Motion for Summary Judgment (Doc. 17)** is **GRANTED**, and that Plaintiff's claims be **DISMISSED** with prejudice, and that this action be **DISMISSED**.

Baton Rouge, Louisiana, this 12th day of February, 2015.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**